## CHANDLER et al. v. GRIFFITH et al.

No. 19348.   Opinion Filed March 10, 1931.

Pryor & Stokes, for plaintiffs in error.

White & Nichols, for defendants in error.

KORNEGAY, J. This is a proceeding in error from the district court of Seminole county, Okla., the Honorable W. J. Crump being the trial judge. This is the second time that this case has been brought to this

court for consideration. When it was before this court before, this court rendered an opinion, and it reversed the action of the lower court. (120 Okla. 54, 250 Pac. 534.)

In rendering judgment, the judge said he had read the opinion of the Supreme Court, but had not read the testimony at the former trial, and did not know to what extent the testimony then before him differed from the testimony given in the case that was tried before.

The opinion is set out in the case-made, and it is not necessary here to review all of the facts developed at either trial. At the conclusion of the opinion the court says, "The trial court's judgment fails to take into consideration the wrongful taking of the lease contract by G. L. Green, the plaintiff's vendor, as well as the rule of law aplicable thereto. The judgment is therefore reversed and the cause is remanded for a new trial."

On the next trial the parties did not recast the pleadings, but from the course of the examination of the witnesses, it appears that there was quite a change in the evidence.

An inspection of the records shows that the plaintiffs, Griffith and Dew, brought an action against the defendants, G. L. Green and R. M. Chandler, the primary purpose of which was to get possession of a two-story brick building, located on lot 4, block 1, on the east side of Wewoka avenue, in the town of Wewoka, Seminole county, Okla., the lease being set out in the pleadings. By the terms of the lease, the lessee was to pay rental in advance of $225 per month, due and payable on the first day of each month, to begin not later than November 1, 1923, payment for any fractional part of the month of October, 1923, during which the building was occupied by the lessee to be made by the lessee for the remainder of the month of October, 1923, upon the day the lessor delivered possession of the building to the lessee, and the lessee accepted it.

The plaintiffs evidently were dubious of their rights in the premises, because they joined their assignor, G. L. Green, with the lessor, R. M. Chandler. The plaintiffs counted on the fact that the lease was recorded on the 18th of September, 1923, the date of its signature, and acknowledged by the lessor. The plaintiffs alleged "that said building is of a fair, usable and rental value to the **defendants** of $400 a month and has been of such value ever since said first of November, 1923, and the wrongfully detaining thereof by defendants aforesaid, plaintiffs should recover the sum of $400."

The final prayer, found on page 5, is as follows:

"Wherefore, premises considered plaintiffs pray that they be awarded the immediate possession of said building and that the defendants and each of them be ejected therefrom. That plaintiffs have and recover from the said defendants the sum of $400 as damages aforesaid."

The plaintiffs sought also to clear the title to the lease and wanted an injunction to enjoin the defendants and each of them from asserting any right, title, or interest adverse to the leasehold estate of the plaintiffs. They also wanted an injunction to restrain defendants from disposing of the building. They also pleaded special damages by reason of having made preparations to install a drug store in the building, and having bought the lease for that purpose, all of which was known to each of the defendants. They also wanted alternative relief, so that if they could not get possession of the property, they should recover $2,200, paid by them to the defendant Green for the lease. They also wanted special damages by reason of the fact that they had made preparations to equip themselves to install a drug business in Wewoka, and that their only purpose was known to the defendants and each of them, and the plaintiff had expended a large sum of money which would be a total loss to them in the event they were unable to recover the premises, and they wanted $5,000 on that account by reason of anticipated profits.

If the allegations of this petition are true concerning the purpose of the buying of this lease being known to the defendant R. M. Chandler, and also the defendant G. L. Green, at the time of the purchase, so as to enable the plaintiffs to get their special damages, perhaps a recovery could be had on the theory that the lease was bad, and for the price that Green received from the plaintiffs, but the recovery ought not to be against the lessor. It should be confined to Green alone.

In one breath the plaintiff affirms the validity of the lease. If the lease was not void, the plaintiff was entitled to the possession of the place and damages against Chandler for its detention, but not against Chandler for the amount paid Green. Both times the lower court rendered judgment against Chandler for the amount the plaintiffs alleged they had paid Green; the first time for the full amount, $2,500 with 6 per cent. interest from September 6, 1923, and the last time for $1,600 with interest of 6 per cent. from the 6th of September, 1923.

It does not appear that Green, the as-

signor, ever filed any pleadings in the case, or that any service was had upon him.

As we view this case, Chandler's liability, if any, was to respond to the covenants contained in the lease. The right of the plaintiffs, if any, as against Chandler, was to recover possession of the leased premises, and to carry out the stipulations of the lease by paying $225 rent per month in advance. In the event the plaintiffs had complied with the lease and tendered the payment, they would have been in position to ask the court to allow them to recover possession of the premises, and for the time they were kept out of possession by Chandler they could have asked the court to allow them damages for the usable value of the premises.

During the progress of the trial the attorneys for the plaintiffs tried to establish what that was, but the court would not allow them to do so. The result was that the lower court was not advised as to what the rental value was, but was advised as to how much money had been paid by the plaintiffs, as they claimed, to the defendant Green as the purchase price paid him for the lease. If the plaintiffs had had service on Green and it had developed that Green had sold them an invalid lease, the court would have been warranted in rendering a judgment against Green for the amount paid by the plaintiffs to Green, but such was not the case.

The court applied the wrong measure of damages as against the defendant Chandler. In view of the fact that the evidence undoubtedly, from the appearance of the cross-examination of the various witnesses, was different from what it was on the first hearing, and in view of the fact that the cause when it was before this court before was remanded with directions to have a new trial, we think that the lower court should on the next trial ascertain whether or not, under such evidence as may then be produced, the lease in question was actually delivered to Green by the defendant Chandler or her agent, and in event the court should so find and should further find that the lease was good, and the court should further find that the covenants of the lease to be performed by the original lessee were complied with by the plaintiffs, his assignees, that the court then proceed to ascertain the reasonable rental value of the premises during the time that the plaintiffs should have had the use of the premises, allow recovery for the difference between the rent to be paid during the term of the lease and the actual rental value of the premises during the time that the plain-

tiffs were wrongfully kept out of possession, in the event the rental value is greater than the contract price.

As to the recovery of the defendant Chandler of the amount that was paid by the plaintiffs to Green, we think that would be unwarranted. As to the recovery of special damages arising from preparation to install the drug store, we think that if the allegations that are made in the pleadings for the purpose of laying a foundation for the recovery of these special damages are in fact true, namely, that the defendant Chandler knew of the purpose of the plaintiffs in acquiring the lease for the purpose of installing a drug store, it would go a long way towards establishing the contention of the defendant Chandler that the sale of her drug store and the lease of her building were largely dependent each on the other. But the evidence before us does not bear out the allegation that the defendant Chandler knew that the purpose of plaintiffs in buying the lease was to get it to run a drug store in. The evidence shows that Green knew that, but not Chandler.

The case is reversed, with directions to the lower court to set aside its findings, and again try the case in accordance with the views herein expressed, in the event plaintiffs desire to further proceed. The cost of this appeal will be taxed to the defendants in error.

LESTER, C. J., and HEFNER, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., and CULLISON, J., absent. RILEY and SWINDALL, JJ., not participating.